**J.J. POWELL, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 13–353 T**

United States Court of Federal Claims.

(Filed November 14, 2016)

## ORDER

LYNN J. BUSH, Senior Judge

The court has before it plaintiff's Motion for Clarification of Order, filed September 15, 2016. The parties disagree as to the scope of the court's holding in its opinion issued February 4, 2016 (Opinion). Defendant's position on the court's rulings is correct, for the reasons set below. This order clarifies the Opinion and enables the parties to finalize their joint stipulation for entry of judgment as required by that Opinion. *See* Opin. at 24.

Two principal issues are raised by plaintiff's motion. First, does this suit properly contain claims for the return to plaintiff of refunds withheld by the Internal Revenue Service (IRS or Treasury) for tax quarters not specifically addressed by the court? Second, does a failure to pay tax penalty for each tax quarter at issue in this suit fail as a matter of law because the parties did not address this issue with any specificity in their summary judgment briefing? Both questions must be answered in the negative.

### I. Withheld Refunds

As plaintiff succinctly summarizes the Opinion, "[t]he Opinion essentially held that the Plaintiff was entitled to the refund claims it submitted for gasoline for the quarters at issue and was not entitled to the refund claims it submitted for diesel fuel for the quarters at issue and the Government was not allowed the [excessive refund claim] penalty it sought to impose under IRC section 6675." Pl.'s Mot. at 1. Although the Opinion also mentioned that plaintiff alleged that the IRS, in addition, withheld refunds for tax quarters not at issue in this suit, Opin. at 23 n.17, the court issued no holding as to withheld refunds for the simple reason that plaintiff's suit did not raise that issue for the court's review. Plaintiff specifically withdrew any such claims from its proposed amended and supplemented complaint. *See* Pl.'s Br. of Aug. 28, 2015, at 1; Order of Sept. 9, 2015, at

1; Def.'s Opp. at 2–4 & n.1 (giving a detailed procedural history of plaintiff's assertions regarding withheld refunds). Thus, this suit and the court's rulings do not address withheld refunds for tax quarters not at issue in this suit (or any interest due on such withheld refunds) and the parties' joint stipulation for entry of judgment must not incorporate that issue.

## II. Failure to Pay Tax Penalty

The government asserted in the counterclaim filed in this case that "failure to pay tax" penalties, exceeding $7,000 before the calculation of interest, are owed by plaintiff to Treasury. *See* Amended Answer and Counterclaim ¶¶ 35–37. Neither party specifically addressed the legal context of this particular penalty, instead focusing on any underlying tax liabilities for plaintiff, as well as a more substantial penalty assessed by the IRS for "excessive" refund claims, Opin. at 19–23. The court must agree with defendant, however, that its summary judgment briefing put plaintiff on notice that failure to pay tax penalties on disputed underlying tax liabilities were at issue in its cross-motion for summary judgment.[1] *See* Def.'s Cross–Mot. of June 10, 2015, at 4, 22; Def.'s Reply Br. of Nov. 19, 2015, at 19.

█ It is also clear that plaintiff bore the burden to invalidate the failure to pay tax penalties assessed by the IRS and set forth in the government's counterclaim. *See, e.g., Dallin ex rel. Estate of Young v. United States*, 62 Fed.Cl. 589, 600 (2004) (citing cases). Because plaintiff never addressed the failure to pay tax penalties in its summary judgment briefing, plaintiff failed to satisfy its burden and the government is entitled to judgment on the failure to pay tax penalties as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (noting that "where the nonmoving party will bear the burden of proof at trial on a dispositive issue," a summary judgment motion need only rely on the

pleadings and other documents before the court). Here, the court granted the portion of defendant's cross-motion for summary judgment as to plaintiff's liability for diesel fuel excise taxes. Inseparable from the issue of plaintiff's liability for diesel fuel excise taxes, the government simultaneously moved for summary judgment on the directly-related and subordinate issue of failure to pay tax penalties for diesel fuel excise taxes, as well as any applicable interest on those penalties. The portion of the court's ruling on summary judgment that granted defendant's motion, in part, logically and necessarily included a ruling favorable to the government regarding the failure to pay tax penalties for diesel fuel excise taxes, and applicable interest on those penalties.

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's Motion for Clarification of Order, filed September 15, 2016, is **GRANTED in part**, as to issuance of clarification of the Opinion of February 4, 2016, and **DENIED in part**, as to plaintiff's suggested interpretation of that Opinion; and,

(2) On or before **December 13, 2016**, the parties shall **FILE** their **Joint Stipulation for Entry of Judgment**, to which they shall **ATTACH** a Proposed Draft Order for the Entry of Judgment.

---

**1.** Both parties' motions for summary judgment addressed the entire complaint and the entirety of the government's counterclaim nothing in the title or text of these motions indicated that these were motions for partial summary judgment. Plaintiff's opportunity to challenge the legal underpinnings of failure to pay tax penalties assessed by the IRS and presented in the government's counterclaim was in its initial motion for summary judgment, not belatedly in its motion for clarification of the court's Opinion.